## SUPERIOR COURT.

### John La Farge agt. The La Farge Fire Ins. Co.

The president or other officer of a corporation which is a party to an action, is not bound to produce on the trial, the books and papers of the *corporation*, under a *subpœna duces tecum*, issued by the adverse party.

He has no such property in or control over them as gives the right, or makes it his duty to produce them.

Their proper place is the office, in which the business is transacted, to which they relate.

The proper remedy of a party, who is entitled to use their contents as evidence, is to obtain sworn copies, or an inspection and copy, under the Revised Statutes, or the Code.

*General Term, April,* 1857.

Duer, Bosworth *and* Woodruff, *Justices.*

This action comes before the court, on an appeal from an order of Mr. Justice Hoffman, made the 13th of March, 1857, denying a motion that an attachment issue against *James Van Norden,* the defendants' president, for an alleged contempt, in not obeying a *subpœna duces tecum.*

The action is brought upon an agreement alleged to have been made by the defendants, to transfer to the plaintiff shares of their capital stock to the amount of $6,500, in consideration of the assignment to them by the plaintiff, of a bond and mortgage, on which that sum was due.

The action being at issue, it was referred to *H. Nicoll, Esq.,* to be tried and decided by him, as a referee.

A *subpœna duces tecum* was served on *James Van Norden,* president of the defendants, requiring him to appear before the referee at a time and place named, to testify, and to bring with him "all certificates of subscriptions to stocks," in said company, signed by certain persons as commissioners, in favor of the plaintiff and three others; the "check-books of the company," from May 1 to October 1, 1853; and all "check-books," showing moneys paid by the company during that time; also all books of account containing entries of moneys loaned by the said company, and of bonds and mortgages purchased by the company, and the books of minutes of the proceedings of the board of directors of the said company, and of the executive committee of such board since the organization of the company."

*Mr. Van Norden* appeared, was sworn and examined before the referee, and testified, that the board of directors of this company had a book containing the minutes of their proceedings, and that it was in their possession. Being called upon by plaintiff's counsel to produce it, the witness stated, "I decline to do so, because I think I have no right to take the book out of the office—I am so advised by counsel."

He also testified that he had seen *certificates,* signed by James Brown and others, as commissioners, on behalf of the company, issued to the plaintiff and others, "among the certificates which had been *delivered up and stock issued thereon,*" when he came there; that he did not know where these certificates were; he last saw them in the office, or in the hands of defendant's counsel.

The plaintiff's counsel requiring him to produce them, the witness said—"I do not know where those certificates are—they are not under my control."

The papers on which the plaintiff moved for an order that an attachment issue, showed these facts, and that the plaintiff's attorney had seen these certificates in the hands of the defendant's *attorney* since this action was commenced.

The opposing papers showed, that the answer put at issue the allegations of the complaint, and set up, that the plaintiff applied for a *loan* on the bond and mortgage ; that the loan was made, and the bond and mortgage were assigned and the plaintiff was paid therefor ; that there had been twenty-one meetings before the referee, and no testimony had been offered to show the agreement alleged in the complaint.

That *Van Norden*, when subpœnaed, applied for advice to *John M. Mason, Esq.*, stating that the books and papers were not his property, and Mr. Mason, who was a director of the company, as well as a counsellor at law, advised him that he had no right to remove such books and papers from the office of the company, without authority from the directors, and had no right to do so.

That there is no office known to the company as " commissioners." The certificate of the comptroller of the state shows that the whole capital stock had been subscribed for and paid in, at the time the company was organized.

On these papers, the motion that an attachment issue against *Van Norden*, was denied, and from the order denying it, the plaintiff appealed to the general term.

The papers do not show that the referee decided, or was requested to decide, whether it was the duty of the witness to produce any of the books and papers, under the *subpœna duces tecum*, or whether any of them were, or might be, in any respect, material evidence for the plaintiff.

A. J. WILLARD, *for plaintiff and appellant.*
JOHN L. MASON, *for respondent Van Norden.*

By the Court—BOSWORTH, J.   The plaintiff contends that the court cannot, under its power to compel a discovery of books and papers, as granted by the Revised Statutes and the rules under

La Farge agt. The La Farge Fire Ins. Co.

them, or as granted by the Code, make any order which will furnish the plaintiff all the relief he needs and is entitled to.

That as a plaintiff has now the right to examine the adverse party as a witness, he should be allowed to compel the production of the books and papers of a corporation when a party, by a *subpœna duces tecum,* served on its officer, who is the legal custodian of its books and papers.

The respondent insists that the order is not appealable ; that it neither involves the merits, nor affects a substantial right ; that, assuming the plaintiff to have a right to the evidence, the order made does not question the right, but at most compels the plaintiff to proceed under the Revised Statutes, or the Code, to compel a discovery and production.

That the books and papers, are not the property of the witness, and he has no such custody of them as gives him the right, or makes it his duty to remove them from the office of the company.

This court has power to compel the defendant in this action, to discover and produce books and papers in its possession and control, relating to the merits of the action, and necessary to enable the plaintiff to prepare for trial. If the order is disobeyed, the court may strike out the answer, and render such judgment as would be proper in case no answer had been interposed. *Gould* agt. *M'Carty,* 1 *Kern.* 575.

In determining whether the order appealed from is erroneous, the conclusion of the court should not be affected by any such consideration, as that the plaintiff may be remediless, or deprived of the means necessary to maintain an action, if the particular instrumentality employed, in this instance, to procure testimony, should be held not to be a matter of right.

An order refusing an attachment against a witness disobeying a subpœna requiring him to produce documentary evidence, material to the party subpœnaing him, and which it is his duty to produce, is an appealable order.

A party has a right to have the remedies provided by law, to secure the attendance of material and necessary witnesses, or the production of material and necessary evidence, enforced in

his behalf, when he has been vigilant, and done all which it is incumbent on him to do, to obtain such attendance, or production.

An order which, without fault or *laches* on his part, prevents those remedies being made effectual, necessarily involves the merits, and affects a substantial right.

The important question presented by this appeal, is : was it the duty of the witness to produce the books and papers which he was required to produce under the *subpœna duces tecum ?*

He was president of the corporation which is the party defendant in this action.

He testified that he did not know where " the certificates " were, and that they were not under his control.

He also testified that the book of minutes of the board of directors was in their possession, and that he thought he had no right to take it out of the office, and was so advised by counsel.

The papers on which the order appealed from was made, create no doubt as to the truth of these statements.

In the case of *The Bank of Utica* agt. *Hillard,* 5 *Cowen,* 153, *Colling,* a clerk of the bank, was subpœnaed, *duces tecum,* to bring and produce on the trial, certain books of the bank. The judge at the trial, refused to require him to produce them, holding that he was not the proper officer to be called on for that purpose, and intimated that the president or cashier should have been subpœnaed.

The court, on a motion for a new trial, held that whether *Colling* was bound to produce them, depended upon the question, " whether they were in his possession, or under his control. He was a mere clerk of the plaintiffs, and, in that character, had no such property in, or possession of the books, as imposed the obligation to bring them." *Id.* 158. The opinion was intimated that they were under the control of the cashier, who might forbid their removal, or place them beyond the reach of the witness.

A new trial having been granted, the *cashier* was required by a *subpœna duces tecum,* to produce the books on the second trial ; not having done so an attachment against him was moved for and *denied.*

The court stated the rule to be, that when the adverse party can say " these are my papers," the court will not compel one who happens to have the temporary possession of them, in the right of the party, to produce them on subpœna," (5 *Cowen*, 419, 420.) This decision was made over thirty years ago, and we have not been referred to any subsequent one, which over-rules it, or conflicts with it.

The proper place for the books and papers of a corporation, is the office where the business to which they relate is trans-acted.

No officer of the corporation, as such, has power or authority, on general principles, to use or control them, except in such man-ner, and at such place, as may be requisite to the proper perform-ance of the duties imposed upon him by the corporation.

He has no right by virtue of his position and office, and no obligation is imposed upon him by the service of such a sub-pœna, to remove the books and papers of his principal from the office in which they are required to be kept.

It is generally as important to third persons, as to any officer of a corporation, and often of more importance, that its books and papers should not be subjected to the hazard of being lost, or injured, by being taken to a place of trial, and that they should be at all times retained in its office, for use and reference there. Very serious consequences might result, if its officers were held to have the right, and to be under an obligation, to carry them to any part of the state, in obedience to a *subpœna duces tecum.*

To hold that such a consequence results from a change in the law which gives to either party to an action the right to ex-amine the other, in the absence of any statutory provision to that effect, and while ample remedies exist to compel the pro-duction and inspection whenever the latter may be necessary, of all papers essential to establish a cause of action or defence, would be dangerous as a precedent, and is not warranted by any authority that has been cited, or by any considerations which have been addressed to us.

The order must be affirmed, with costs.