By the Court. Woodruff, J.
The order appealed from is supposed by the respondent to be warranted by chapter sixth, of title 12th, of the Code of Procedure, which chapter relates exclusively to the examination of parties to the action, and parties for whose immediate benefit the action is prosecuted or defended.
The first section of that chapter (viz. § 389) provides that no " action to obtain discovery under oath, in aid of the prosecution or defence of another action, shall be "allowed, nor shaH any examination of a party be had on behalf of the adverse party, except in the manner prescribed by this chapter.
Passing by, for the present, many of the important questions discussed on the argument of the appeal, and for the moment assuming that the complaint states a cause of action against the *614 wife (the appellant) and that she is properly before the Court by her attorney, and that she is subject to examination in this action under the chapter above referred to, it may perhaps dispose of this appeal, if we enquire whether “ the manner prescribed by this chapter,” contemplates or sanctions the order appealed from-.
The sections prescribing the manner in which the examination of á party may be had, aré the following; § 390 provides that a party to an action may be examined as a witness at the instance of the adverse party, and for that purpose may be compelled, in the same manner, &c. &c., as any other witness, to testify either at the trial or Conditionally, or upon commission.
Section 891 provides that such examination may be had at any time before the trial * * before a Judge of the Court, or a County Judge on a previous notice * * of at least five days, unless for good cause shown the Judge order otherwise; and § 392 provides that the party to be examined as in the last section provided, may be compelled to attend in the same manner as a witness, who is to be examined conditionally..
Section 394 declares the consequences of a refusal to attend, and testify; but the above sections are all that prescribe “ the manner in which the examination of a party may be had.”
By these sections it is entirely obvious that the examination of the party is to be procured in the mode, already well regulated by other statutes, of compelling witnesses to attend and testify, and this must be the guide in procuring that attendance.
This is so familiar to all practitioners that it seems hardly-necessary to repeat it.
If the examination is to be had at the trial, no previous order is necessary, A subpoena must be issued, and served as pointed out in 2d. Rev. Stat. p. [400] § 52, [42] and this, of course, requires the witness to attend at Court.
If the examination be as of a Witness examined conditionally, a summons to the witness must be issued by the Judge (2 R. S. 393, § 10,) which must be served in the manner prescribed by § 54 [44] of 2 Rev. Stat. p. [401], The witness attends in obedience to the summons, not in pursuance of any order made upon him. The summons, in such case, is issued in lieu of a subpoena under the seal of the Court, and is served in like manner.
*615 It is true that an order must be procured, based upon proper affidavits, showing that the exigency exists which renders a de lene esse examination proper, but that is not an order ¿requiring the attendance of the witness; it is made for the purpose of authenticating the examination which is to be had upon a proper summons to be issued, and although it in form requires the attendance of the adverse party, yet that is merely for the purposes' of notice; in order that he may attend if he thinks proper, and either take part in the examination of the witness, or show cause why the examination should not be had. If he do not choose to attend, he cannot by order be required to do so. The witness, as such, has nothing to do with the order: the efficient means of procuring and compelling his attendance, is the issuing and service of a summons under the hand of the Judge.
If the examination sought be, not as of a witness examined • conditionally, but is claimed in the exercise of the option given by § 391, allowing it at any time before the trial, then no order whatever is necessary. That examination may be had upon five days notice, subject, of course, to the power of the Judge over the subject when the parties appear before him. And in this proceeding, the manner of procuring the attendance of the party as a witness is the same as last above stated, viz. by summons; as to a witness to be examined conditionally (§ 392). . _ _ _
_ _ _ We find in these provisions no warrant nor authority in the Court, to make any order on the subject.
Nor for any proceeding by order, either of the Court or Judge, requiring the witness to attend and be examined.
Still less do we find any power in either the Court or Judge to make an order requiring the witness to attend before a person not a Judge, and therein constituting such a person a referee, for the purpose of taking such examination. When the proceeding is to obtain a de lene esse examination of the party, in the mode prescribed for the conditional examination of a witness about to depart from the State, or who may not be able to attend the trial; then, after hearing the parties to the action, under a proper order to show cause, the Judge to whom the application is made may appoint a referee to take the testimony, (Laws of *616 1851, chap. 472); but there, as in other cases, the order does not direct the 'attendance of the witness—his attendance before the referee is to be procured by summons. And the order appointing the ¡referee is ¡made,'not' by the Court, but by the Judge exercising a special authority.
' The order appealéd from is an order of the Court at Special Termit is not an order purporting to determine that a de bene esse:examination:is'proper under the circumstances proved; but it purports to be the.mandate of the Court to compel the attendance of the witness out of Court and before a person named as •referee-for the special purpose. . •
When • the examination is sought under the option given by §' 391,- to take the examination before the trial,, and not as a witness examined conditionally, we find no power to appoint a referee.
We all concur in the opinion that the order was improvidently made, and that it cannot be sustained.
.. The: order is liable to further criticism, .which is not material, since the order must, be reversed for the reasons stated; but it is by no means clear that any order, even for the examination of a witness conditionally, should declare the specific matters to which .the. witness shall be examined. Under the former Chancery practice, where a party might sometimes be examined, the cdmmon.order provided that he be examined as to any matters as to which he had no interest in favor of the party examining him. . But rio such restriction is now necessary nor proper. The examination is to be the same as that of any other witness, „ and. the matters: as to which he shah be examined are to be determined either by the Judge before whom the examination is had, (unless upon cause shown he decides that the examination shall not then be taken,) or at the trial, when the testimony is offered-in evidence.
These views were not all of them presented on the argument of the appeal, but we do not feel at liberty, when considering the .rights of a feme covert, proceeded against when her husband has not been brought in, and when (as stated'on the argument) he is absent from the country, to overlook considerations which we deem entirely conclusive upon the subject. -
We have not been insensible to the serious nature of other *617 objections to the plaintiff’s proceedings, tó which our attention was called on-the argument, and while we reverse the order upon the ground above specially assigned, it is not thereby intended to hold, that the plaintiff has shown by his complaint any sufficient cause of action against the wife (the appellant), to charge her as to her separate estate, or otherwise.
Nor that he can proceed against her, without doing more than merely name her husband as a party in his summons, and without bringing him in by appearance, so that he shall be a real as well as nominal party to the action; or, (if he be absent from the country,) without first exhausting the means which the law has provided -for procuring his appearance, so that he may be affected by the judgment as on default of appearance.
Nor that a married woman, sued with her husband, can appear by attorney employed by herself, without a previous order of the Court for that purpose.
Still less do we mean to be understood as holding, that in this action the appellant can be examined as a witness in any form or by any mode of procuring her attendance. The debt set out in the complaint, if it' exist, is her husband’s debt, for which, without any legal consideration moving to her (other than such as is supposed to be implied in the act of endorsement), she has become the voluntary surety. No consideration for any charge ór lien upon her separate property, (if any she has,) and no express underaking to charge such property appears.
It is clear that upon the allegations in this complaint, if proved, the plaintiff may have a judgment against her husband, in this action, for the amount claimed to be due. (Marquat v. Marquat, 2 Kernan, 336.) But it is not clear, in that state of the case, that the plaintiff can examine the wife as a witness, to establish the allegations in such complaint. It is not obvious that she can in any manner be so examined, that she will not be in the condition of a wife testifying against her husband, when the very facts alleged, and which must be proved in order to charge her, will, if proved, entitle the plaintiff to a judgment against her husband also.
That the Code has not made the wife a competent witness against her husband, has been repeatedly decided. (2 Code R. 19; 2 Sandf. 340; 4 Sandf. 596.)
*618 But without attempting to decide the questions above alluded to, it must suffice to say that the Court reverse the order appealed from, upon the grounds first above stated.
Order reversed, without costs.