## WOODS *a*. DE FIGANIERE.

*New York Superior Court; At Chambers, June*, 1863.

JOINT-STOCK COMPANY.—EXAMINATION OF PARTY BEFORE TRIAL.— PRODUCTION OF DOCUMENTS.

A joint-stock company is not such a corporation as to entitle its officer to refuse to produce its papers in his custody, when required by subpœna.

A party to an action, when examined as a witness before the trial, under section 390 of the Code, cannot be compelled to produce documents.

The object and proper course of such examination stated.

Examination of adverse party before trial, and motion to punish for contempt.

This action was by William S. Woods and John D. Williams against Louis F. De Figaniere, President of the Pioneer Iron Furnace Company, a joint-stock company, consisting of more than seven shareholders or associates, to recover $953.91 for goods sold and delivered, and other causes of action arising upon contract. The plaintiffs procured an order for the examination of the defendant before trial. The questions which arose during the examination sufficiently appear from the opinion.

*Anthony R. Dyett*, for the plaintiff.

*Daniel M. Porter*, for the defendant.

ROBERTSON, J.—The defendant is under examination as a witness under section 390 of the Code, and being asked as to certain documents, testifies they are in the possession of his counsel. He is sued as the president of a joint-stock company

consisting of more than seven persons, and refuses to produce such documents, or ask his counsel to produce them.

I do not consider the association represented by the defendant as such a corporation, or artificial person (Lafarge *a*. Lafarge Fire Ins. Co., 14 *How. Pr.*, 26), as to entitle him to refuse to deliver papers under his control on a proper occasion, and when asked in a proper manner. The statute expressly prescribes that the association mentioned in it shall have none of the powers of corporations. (*Sess. Laws*, 1854, ch. 245, § 1.) The possession of each partner is, therefore, not the possession of the artificial body, but of such partner, and on that score the defendant is not excusable from producing such documents.

The most serious question arises, whether a party to a suit, examined as a witness before the trial, can be compelled under a subpœna *duces tecum*, or by force of the summons required by the statute (2 *Rev. Stat.*, 393, § 10), to produce documents in his possession. The Code, in section 388, provides that a court before whom an action is pending may order either party to give to the other an inspection, or copy, or permission to take a copy of any books, papers, and documents under his control, containing evidence relating to the merits of the action, or the defence therein. The penalty of a refusal is the exclusion of the paper from evidence, or punishment of the party refusing, or both. There is therefore ample remedy given for the examination and inspection of documents before the trial. The mode of compelling the attendance of a party is ordered to be the same as of a witness conditionally. (*Code*, §§ 390, 392.) And that is by a summons. (1 *Bosw.*, 611; 2 *Rev. Stat.*, 393, § 10.) Neither statute provides for any compulsory production of documents in the possession of the party. The principal object of allowing a party to be examined before the trial, is not to permit the opposite party to °fish for a case, but to ascertain how much he can prove of his case by his adversary's testimony, without the aid of other witnesses. For any other purpose, there is no more reason why he should be entitled to examine his adversary before the trial than any other witness. For some purposes such proceeding takes the place of a bill of discovery. But in reference to documents, the Revised Statutes have obviated the necessity of such a bill (2 *Rev. Stat.*, 199,

§ 22 ; 5 ed., § 61); but it confined the punishment for a refusal to striking out a defence. The Code (§ 388) repairs the defect by subjecting the party refusing to punishment, as well as excluding the paper. That section confers on every court in which an action is pending, the power in their discretion of exacting, upon due notice, from either party, the grant of a privilege to the other of inspecting or having a copy of any papers, books, or documents under the control of the former, containing evidence relating to the merits of the action, or the defence therein. It evidently requires that the court should only exercise such discretion, where it is satisfied that such documents relate to such merits, and should give the party proper time to produce them. The examination of the party as a witness may possibly be employed to furnish the materials for making such an application. Upon making it, the party applying for such an order would be bound to allege as much as was necessary in a former bill of discovery; and the court must see and determine for itself that the production of such documents before the trial is necessary. (Hoyt *a*. American Exchange Bank, 1 *Duer*, 652 ; S. C., 8 *How. Pr.*, 89.) There can be no inquisitorial examination to ascertain whether there are not some documents material. It is very plain that if the right of examining a party, carries with it the right of compelling the production of books and papers in his possession, the discretion is transferred from the court to the attorney of the applicant, and no notice is necessary except that contained in the subpœna itself. The examination of a party may be had before a county judge or commissioner, who will have power to decide what books must be produced (§ 391); and if they decide erroneously, irreparable mischief may be produced. Under such a proceeding the party to be examined is entitled to five days' notice of his examination, but he may be compelled to produce documents on a few hours' notice, before it is determined whether they are material in the cause, as on a subpœna *duces tecum*, the court will not inquire too nicely into the necessity of bringing the papers.

The right of every party to refuse to give or furnish evidence against himself is sacred at common law ; courts of chancery required such testimony to be given, but under restrictions against any abuse. Any innovation on such right by statute

must be strictly pursued, and the mode of examining a party is strictly confined to that prescribed in tit. 12, ch. 6, of the Code.

The 390th section of the Code prescribes that a party may be compelled in the same manner as any other witness to testify conditionally. The statute respecting conditional examinations . requires the attendance of a witness for that purpose to be obtained by a summons, not a subpœna. (2 *Rev. Stat.*, 393, § 10; 1 *Bosw.*, 611.) That very deviation from the ordinary mode of enforcing attendance by a subpœna, shows that the statute did not intend to make the proceeding a mere substitute for the examination of a witness on the trial. In addition to which the statute requires certain facts to be presented to the court to obtain the summons, and it is required to " be satisfied that the circumstances of the case require the examination of the witness in order to attain justice between the parties." (2 *Rev. Stat.*, 392, §§ 2, 3.) The adverse party has a right to be heard before the examination can be proceeded with. Not a word is said in the statute or the Code respecting the compelling the production of papers on such examination. They assume that they can be obtained in some other way. In regard to a party, there is still less reason for insisting on his production at his examination of papers in his possession, because he can be compelled to produce them on the trial. (Bonesteel *a*. Lynde, 8 *How. Pr.*, 226.) His prior examination will inform the party whether he has such papers in his possession, or other evidence may be necessary to establish them.

As I have stated before, the conditional taking of a party's testimony, is not for the purpose of finding out what kind of a case the examining party can make out, but to establish a case which he believes to exist, and ascertain whether he can prove it by his adversary's testimony, and thus render other witnesses unnecessary at the trial. Whether such proceeding is wise or fair, and not inquisitorial or liable to be abused, is not my province to determine; at all events its operation should not by any latitudinarian construction be stretched beyond the prescribed bounds.

The application for an attachment or commitment of the party for not producing the papers or documents required must be denied, without prejudice to a proper application.