[NEW YORK GENERAL TERM, February 1, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]

---

### OPDYKE *vs.* MARBLE and others.

In an action to recover damages for an alleged libel, published in a newspaper, the plaintiff is not entitled, under the provisions of the revised statutes, or the rules of court, to a discovery of the books and papers of the defendants for the purpose of enabling him to prepare his complaint, and to insert therein the names of real defendants in place of certain fictitious names contained in the summons.

Where there is nothing in the moving papers showing what entry exists in the books &c. of which a discovery is sought, that would disclose the names of those whom the plaintiff might desire to join as parties defendants; but the plaintiff merely swears that he is informed and believes that the books &c. will show, &c., this will not be deemed sufficient.

Parties are not allowed to *fish* for evidence in the private books of account of others, who are parties to an action, upon a simple guess that there may be some entry that will help their case.

The office of a discovery is to obtain facts necessary to a statement of the cause of action. Where the facts which are the cause of action are well

Opdyke *v.* Marble.

known to the plaintiff, and he seeks a discovery only to find out whom he can sue for it, a discovery will not be granted.

Where it appears from the moving papers that the books &c. of which a discovery is sought belong to a corporation, and not to the parties who are defendants in the action, the latter having no control over them except as agents of the corporation, a discovery will not be granted, although the plaintiff alleges that the corporation is a sham.

A discovery can be granted under section 388 of the code of procedure, only where the books &c. sought to be discovered contain evidence relating to the merits. By the "merits," as there mentioned, is meant the facts material to the prosecution or defense of the action; not the names of the parties.

MOTION for a discovery of books and papers. The application was founded upon the petition of the plaintiff, in which he alleged that this action had been commenced by the service of a summons upon the defendants, Manton Marble and Elon Comstock, but that the complaint had not been filed nor served. That the action was brought for the recovery of damages for the publication of a libel upon the petitioner, in a newspaper published in the city of New York, called "The World." That the names of the proprietors, publishers and editors of the said paper, were unknown to the petitioner, except that he was informed and believed that the said defendants, Marble and Comstock, were among them, or had some connection therewith, but he was informed and believed that there were at least three other persons who were proprietors, publishers or editors of the paper, and who are responsible for the said libel, but that the petitioner was ignorant of their names. That the publishing of such a paper involves a large expenditure, wholly beyond the means of the said Marble and Comstock, both of whom, as the petitioner was informed and believed, were pecuniarily irresponsible. That, as the petitioner was informed and believed, the said Marble was, a few years ago, engaged in a subordinate capacity upon "The World," then published by a corporation called "The World Association," or by a similar name. ˙ That afterwards, the said corporation became bankrupt, and the

paper was transferred into other hands. That there is no imprint on the paper indicating who are its proprietors, editors or publishers, and that its bill-heads are printed with the name of "The World Company." That the names of John Doe, Richard Roe and John Stiles are fictitious, inserted for the purpose of representing proprietors or publishers of the said "World" newspaper, whose names are not known to the petitioner. That, as the petitioner was informed and believed, the accounts of the said World newspaper, the ledger, the day book, cash book, and other documents in the possession or power of the said Marble and Comstock, would show who are the proprietors, publishers or editors of the said paper, together with the said Marble and Comstock. That the said books and papers were not in the possession or power of the petitioner, and that the discovery thereof was necessary to enable him to prepare the complaint herein, with the names of the real defendants, and that without an inspection of the said books and papers, it would be impossible for the petitioner to ascertain the names of the defendants. Whereupon the petitioner prayed that the said Manton Marble and Elon Comstock be required to deposit with the clerk of the county of New York, the ledger, journal and day book of the World Company, or of the proprietors or publishers of the World newspaper, by whatever name they might be called, and also any other books in their possession, or under their control, containing the names of the proprietors, publishers and editors of the said newspaper, the same to remain open for the inspection of the petitioner, his attorneys and agents, for the space of three days, or that he might have such other relief as might be proper.

The petition was accompanied by affidavits.

*D. D. Field,* for the plaintiff.

*J. Larocque,* for the defendants.

Opdyke *v.* Marble.

LEONARD, J. The motion made by the plaintiff is under the provisions of the revised statutes for a discovery of books &c. of "The World Company." The object of the discovery is alleged to be for the purpose of enabling the plaintiff to prepare his complaint with the names of real defendants to be inserted in the place of certain fictitious names contained in the summons.

The action is to recover damages for an alleged libel published in the newspaper called "The World," of which those defendants, whose real names are inserted in the summons, are editors or publishers.

There are several reasons why this motion must be denied:

1st. By the revised statutes, (*p.* 199, § 22,) this court is to prescribe rules regulating the proceedings for a discovery, in which the court is required to be governed by the principles and practice of the court of chancery in compelling discovery.

Neither the revised statutes nor the rules can, therefore, be invoked as authority for ordering a discovery in any case where it would not have been allowed by the principles or practice of the late court of chancery. Nothing is better settled than that no discovery could be obtained under the practice of that court in an action for libel.

2d. There is not a single statement in the moving papers, showing what entry exists in the books &c. of which a discovery is sought, which would disclose the names of those whom the plaintiff might desire to join as parties defendants. He is informed and believes that those books &c. will show, &c. That is not sufficient. What entry, or what name, is there to be found, he does not pretend that he can state, even on information or belief.

Parties are not allowed to *fish* for evidence in the private books of account of others who are parties to an action, upon a simple guess that there may be some entry that will help their case.

3d. The discovery is not necessary to enable the plaintiff

to frame his complaint.    Such a discovery is to obtain facts necessary to state the cause of action.    Here the discovery has no relation to the cause of action.    It relates only to the parties to the action.    The facts which are the cause of action are well known to the plaintiff.    The discovery is only to find out whom he can sue for it.    Such is not the office of a discovery, under the practice of courts of law.

4th. It appears from the moving papers that the books &c. of which a discovery is sought, belong to a corporation called "The World Company," and not to the parties who are defendants in the action, either real or fictitious.

The individual defendants, against whom the proceeding is instituted, can not be compelled to produce account books, over which they have no control, except as agents of the corporation.    It is true the plaintiff alleges that the corporation is a sham, but that is a question that can not be settled on a motion.    *Prima facie* the conclusion must be otherwise.

The motion can not be sustained under the code.    (§ 388.) Indeed it was not suggested at the argument that the application was made pursuant to the provisions of the code. The authority for a discovery, under the section of the code just referred to, resides in the discretion of the court, only where the books &c. sought to be discovered contain evidence relating to the merits.    By the merits, as there mentioned, the facts material to the prosecution or defense of the action are referred to ; not the names of the parties.

The names of the parties have no relation to the cause of action, or its merits.

The motion is denied, with $10 costs.

[NEW YORK SPECIAL TERM, October 7, 1864.  *Leonard*, Justice.]