By the Court.—Monell, Ch. J.
There has been a strict compliance with the statute and rules of court in the statements contained in the defendants’ moving papers; and the application is brought within the usual principles governing the discovery of books and papers.
In cases where the production of books can be compelled by subpoena duces tecum, the provision of the Code allowing the examination of parties to the action has practically become a substitute for the mode prescribed by the Revised Statutes.
But an action by or against a corporation is not among the cases where a subpoena duces tecum would be effectual to compel the corporation to bring its books into court (La Farge v. La Farge Ins. Co., 14 How. Pr. 26).
The only defense to this motion is that it is inequitable and unjust to compel the plaintiffs to discover the books kept by their defaulting, cashier, containing entries of false and deceptive credits, which, if unexplained, will exonerate the defendants from liability, and which cannot be explained except by the testimony of such cashier.
It is necessary in these applications that the books of which a discovery is demanded contain material evidence, which cannot be obtained in any other way, and those are the governing tests. If the demand is by a plaintiff, it must appear that the evidence will prove or aid in proving his cause of action ; if by a defendant, it must go in support of his defense. In either case, if the evidence is material, it must necessarily, to a greater or less degree, be detrimental to the adverse party; and it could, therefore, be always urged that a party ought not to be required to furnish his adversary *305 with the weapons of attack or defense, especially as it would throw upon such party the necessity of explaining, or relieving himself from the effect of such evidence.
But I cannot perceive that any principle of equity or justice is violated by adhering to the common rules which control these applications. Discoveries of the nature sought in this case are quite usual. The evidence contained in the plaintiffs’ books "is material to the defendants ; and it is no answer to the application to say thaf the books contain entries which the plaintiffs can only explain by the testimony of their cashier.
The defendants, dealing with the plaintiffs, had a right to assume that the cashier was acting.under the plaintiffs’ authority; and, therefore, the entry of any of the transactions was the act of the plaintiffs. Upon that assumption, the entries are competent as evidence in the defendants’ favor, and unexplained, they are material. Of course, if, as was suggested, the good faith of the defendants is successfully impugned, these assumptions cannot prevail.
The inequity, if any exists in this case, grows out of the alleged difficulty in explaining the entries of the defaulting cashier. But that is a difficulty that surrounds more or less every case, and must be looked upon as a misfortune, and not as affording a reason for defeating the established right of a party.
An exception cannot be made in favor of a corporation. If it was competent to require the production of their books by a subpoena duces tecum, their contents relating to the transactions between these parties might be received as proper evidence against the plaintiffs. But as such production cannot be compelled in that way, resort must be had to an order for their discovery ; but the order will have no greater or other effect than to bring the evidence within the reach of the party *306 seeking it. Its competency, sufficiency or materiality are questions afterwards to be disposed of.
I think the order should be affirmed, with costs.
Cuetis and Speir, JJ., concurred.