Robinson, J.
[after stating the facts.]—This motion is to compel compliance with plaintiff’s demands, and. in my opinion it should be denied. 1. Even in case of an action in which a corporation is a party, the production of its books can not be enforced by subpoena duces tecum served on its officers; it can only be effected by way of discovery under the provisions oí *296 the Revised Statutes (2 R. S. 199), or of § 388 of the Code (La Farge v. La Farge Ins. Co., 14 How. Pr., 26 ; Opdyke v. Marble, 44 Barb. 64); and the exercise of this power is left to the discretion of the courts.
As to the books of a corporation not a party to the action, no such power of enforcing an examination or production of them on a trial between other parties-is afforded ; nor can its agents or officers in their individual capacities be compelled to discover or produce the books of a corporation over which they have not the absolute control and right of disposition at their own will and discretion (Opdyke v. Marble, supra).
2nd. It is an answer as well to a common-law action against a witness as in proceeding to punish .him for contempt for neglecting to attend in obedience to the process of subpoena, served oupon him, that he knows nothing material to the issue, or if it was a subpoena duces tecum, that he has not any document such as he is called upon to produce, material and necessary as evidence, tending to prove the case of the party requiring his attendance (Courtney v. Baker, 3 Den., 27, and cases cited pp. 30, 31).
The case stated by the plaintiff affords at most the occasion for a mere fishing inquiry, that might possibly afford threads or clues for other inquiries, leading, perhaps, to elicit information as to some fact material to the case ; but what the defendant’s mother then communicated, or what was written down in the books of the corporation were in no respects res gestee as between the parties to this action, nor of any greater efficacy as evidence of any fact, than if it had then been declared and so entered on the books of the Foundling Asylum, that the cause for the consignment of the infant to its charge was the murder of one of its parents by the other.
As res gestae they had no relation to the incipiency of its gestation, or act of adultery charged, and there *297 fore in no way tended to prove the commission of any adultery on that occasion.
The motion to compel the witnesses to produce the books of the corporation, or of any copies of entries-therein, is denied, with ten dollars costs.