NOONAN vs. ORTON and another.

(Motion to dismiss Appeal.)

*Provisional Remedies — Appealable Orders.*

1. The remedy formerly procured by an ancillary suit in equity for a discovery, is now granted by an order in the principal cause.
2. Such an order is a *provisional remedy*, and is appealable under sec. 10, ch. 264, Laws of 1860.

APPEAL from the County Court of *Milwaukee* County.
*Jason Downer*, for plaintiff and respondent.
*John J. Orton*, for defendants and appellants.

LYON, J.    This is a motion made on behalf or the respondent (the plaintiff) to dismiss the appeal in this action, which appeal is from an order requiring the appellants (defendants) to give him an inspection and copies of certain papers and documents in their possession.    The ground of the motion is that such order is not appealable.

Formerly the remedy given by this order was the proper subject-matter of a suit in equity for a discovery.    But that method of obtaining a discovery has been abolished, and the one pursued in this case adopted in its place.    R. S., ch. 137, secs. 54 and 93.    Such discovery is however a *remedy* in a court of justice, the same as it was when decreed in an action therefor brought in a court of equity under the former practice. The change in the mode of obtaining the remedy does not change its character.

Instead of driving a party to his action in equity to obtain the discovery sought, the statute gives him the same relief in a proceeding in the action wherein it is required, and at that stage in the progress of the action where such discovery is needed.    The remedy, therefore, is affirmative relief given when the exigencies of the case require it, and it is a remedy outside of and beyond those ordinary proceedings in an action

Grant vs. The Connecticut Mutual Fire Insurance Company.

which relate merely to matters of practice and procedure, or which rest entirely in the discretion of the court. Such being the character of the remedy given by the order appealed from, it seems very clear that the same is a *provisional* remedy.

It is conceded by counsel for the respondent, and, doubtless, is correctly conceded, that orders for arrest and holding to bail, for the delivery of personal property, for the attachment of property, for injunctions, for the appointment of receivers, and for the payment of money into court, are provisional remedies. We are unable to see any difference in principle between such orders and the order appealed from.

The third sub-division of sec. 10, ch. 264, Laws of 1860, gives an appeal from an order which grants a provisional remedy. We are of the opinion that the order appealed from grants a provisional remedy, and is, therefore, appealable.

In the view of the question which we have taken, it becomes unnecessary to decide whether the order involves the merits of the action, and is appealable for that reason, under the 4th sub-division of the section of the statute above cited. The motion to dismiss the appeal, must be denied.

*By the Court.* — Motion denied.