ROBERT W. TURNBULL v. JOSEPH CRICK and Another.[1]

December 2, 1895.

Nos. 9643—(137).

**Bill of Discovery.**

> The jurisdiction of courts with equity powers to entertain bills of discovery has been abrogated by our civil code of procedure and the several statutes giving a party to an action the right to call his adversary as a witness, and compel the production of books and documents in his possession.

**Action to Cancel Record.**

> An action to cancel a contract, document, or record on the ground of fraud cannot be maintained where the plaintiff has a speedy and adequate remedy at law. *Held*, applying this rule, that this action cannot be maintained to cancel the records of scales and measurements of logs of a certain mark in the office of the surveyor general of logs and lumber or his certificate thereof, on the ground that they are untrue and fraudulent.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered in pursuance of the findings and order of Elliott, J. Affirmed.

*James A. Kellogg*, for appellant.

*Smith & Parsons*, for respondent Crick.

START, C. J. At the time of the commencement of this action, there was pending in the district court of Hennepin county another action, in which the respondent Crick was plaintiff, and the appellant Turnbull was defendant, to recover for certain logs, bearing the respondent's log marks, alleged to have been sold by him to the appellant, who answered, and the cause was once tried before the commencement of this action, resulting in a disagreement of the jury. Before such action could be again heard, the defendant brought this action, and a temporary injunction was granted, restraining the respondent from further prosecuting his action until the determination of this action.

The complaint herein, as amended, attempted to allege two causes of action,—one, in the nature of a bill of discovery, calling upon the respondent to make full and perfect answer to the matters charged in

[1] Reported in 65 N. W. 135.

the bill of complaint, and particularly set forth, and discover by whom, when, and where the logs in question in the former and pending action were cut, banked, marked, driven, scaled, and delivered; the other, to have canceled the records of scales and measurements of logs bearing the log marks of the respondent in the office of the surveyor general of logs and lumber of the district in which the logs were scaled, as untrue and fraudulent, and to have surrendered up and canceled certain certified copies of such records which the respondent had procured and intended to offer in evidence on the trial of his action against the appellant.   The respondent admitted in his answer that he had procured such certified copies of the records of the scales and measurements of the logs, and alleged, in substance, that such records and certificates were true and correct, and that he intended to offer the certificates in evidence on the trial of his pending action against the appellant.   The answer further alleged facts showing that the issues tendered by the answer of appellant in the prior and pending action are the same as those tendered by his complaint in this action.

This cause was brought on for trial, and, after hearing the evidence, the trial court found that the issues in this action are the same as those in the former and pending action, and that the appellant has a plain, speedy, and adequate remedy at law, and ordered judgment for the respondent dismissing this action.   It was so entered, and from this judgment this appeal was taken.

The mere statement of this case ought to be a complete justification of the decision of the trial court.   An action at law is pending against the appellant to recover for logs sold.   It has been tried once, and, two days before the date fixed for the second trial, he commences this action in equity, to elicit evidence from his adversary, and to cancel as untrue and fraudulent an item of prima facie documentary evidence, which is to be offered against him, the validity of which he has challenged by his answer in the pending action, and, by an injunction, arrests the prosecution of the action at law.   It is manifest that the appellant has an adequate remedy for the relief he seeks in this action in the former and pending action.

It is claimed, however, by appellant, that our civil code of procedure, and the statutes providing for the examination of parties as witnesses, and the production of books and papers, have not abolished bills of dis-

covery. We hold that they have. This was practically so decided by this court in the case of Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, and 28 N. W. 218, in which it was held that the courts of this state had no authority to order a party to make answer to written interrogatories prepared by his adversary (a bill of discovery in legal effect), because the statute provides the only means "to compel disclosures by the opposite party in lieu of the means which the system of pleading in the former court of chancery afforded by interrogatories appended to the bill or answer."

A bill of discovery was born of necessity, for there was then no other way by which a party to an action could secure the benefit of facts within the exclusive personal knowledge of his adversary, or of documents in his exclusive possession; but the remedies provided by our civil code and other statutes, giving a party the right to call his adversary as a witness, and compel the production of books and documents, have swept away every ground and reason for a bill of discovery, and substituted for it simple, prompt, and efficient remedies and methods, which are radically inconsistent with the cumbersome, expensive, and dilatory machinery of the former chancery practice. These remedies, furnished by our reform code of procedure, are not simply cumulative, but abrogate bills of discovery and the practice and procedure in the former court of chancery, so far as they are inconsistent therewith. 1 Pomeroy, Eq. Jur. §§ 83, 142, 193.

When and under what circumstances a court of equity will entertain an action to cancel contracts, documents, and public records we have no occasion here to discuss or decide, for it is elementary that such an action can in no event be maintained where the party has a speedy and adequate remedy at law. As we have suggested, this action is only an attempt to have canceled an item of written prima facie evidence, which the respondent proposes to offer on the trial of the prior and pending action against the appellant. He has a plain and adequate remedy at law by impeaching such evidence on such trial, if it is untrue and fraudulent, as he claims.

Judgment affirmed.