JOHN W. HARRIS v. G. E. RICHARDSON.[1]

June 17, 1904.

Nos. 13,805—(100).

**Inspection of Documents—Statute.**

Under section 5750, G. S. 1894, the district court, in a cause commenced therein, where the summons and complaint have been served, may, for the benefit of one of the parties, in the exercise of its discretion, order a production or inspection of any paper, book, or document in the hands of his adversary, necessary for the amendment or preparation of his own pleadings, as well as to prepare for trial, after issue has been joined.

**Order not Appealable.**

*Held* that an order granting or refusing such order for inspection is not appealable.

Appeal by defendant from an order of the district court for Stevens county, Flaherty, J., granting plaintiff an inspection of a document in defendant's possession, with leave to serve a reply or an amended complaint after such inspection had as plaintiff might be advised. Affirmed.

*Smith & Beise* and *Wm. C. Bicknell,* for appellant.

*R. A. Stone,* for respondent.

LOVELY, J.

This action is brought to recover damages for defendant's alleged breach of the conditions of a contract to construct a brick office building for plaintiff according to plans and specifications attached thereto. Defendant answered, claiming that he had erected the structure in a proper manner, according to the terms of the contract, and according to plaintiff's instructions from time to time; also that the building was duly inspected and accepted by plaintiff. Before the necessary reply to the new matter was served, plaintiff, upon affidavits, moved the court for an order upon defendant to allow him to inspect and take a copy of the written specifications attached to the building contract in his hands, which had been referred to in the answer, and for leave

[1] Reported in 100 N. W. 92.

92 M.—23

to serve an amended complaint or reply after such inspection, as he might be advised. · The substance of the affidavits of the moving party was that plaintiff did not have the information which the specifications would afford, and which would be necessary to amend the complaint, or properly to reply to the new matter in the answer. The court, at the hearing, ordered that plaintiff be permitted to inspect the specifications or that defendant give him a copy thereof, and further ordered that plaintiff have fifteen days after such inspection or the furnishing of such copy within which to prepare and serve a reply or an amended complaint as he might be advised. From this order, defendant appeals.

This order was granted by the court under section 5750, G. S. 1894, which is as follows:

> The court before which an action is pending, or a judge there-of, may order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any book, document or paper in his possession or under his control, containing evidence relating to the merits of the action, · or the defense therein.

It is insisted in this review that the court had no authority to afford the relief granted, for the reason that, the reply not having been served, the action was not pending.

Without reference to authorities which have been cited from other states, which we do not think apply, we have no doubt whatever that in the furtherance of justice the court, in the exercise of its discretion, at any time after an action is commenced and complaint served, before issue is joined, may give the relief provided for in the statute, whose object is plain, clear, and salutary. The possession of documents or books that are necessary to enable a party, after the commencement of an action, to further prepare his pleadings or evidence for trial, was intended to be thus afforded him, and the court was authorized, under such·restrictions for the protection of the adverse party as are necessary, to make the order it did. Upon the showing made in this action, the discretion of the trial court was properly exercised in a wholesome and proper manner.

This cause was submitted upon briefs; the plaintiff asserting that it was an appealable order, which was not denied or discussed by re-

spondent. We take occasion, however, to say that we have no doubt that, if the question of procedure here suggested was presented again and challenged, we should hold that such order could not be reviewed in this manner. It is not a provisional remedy, like injunction or mandamus; neither is it an order affecting the substantial rights of the parties in the sense in which that term is used in the statute authorizing appeals (G. S. 1894, § 6140), but rather an interlocutory direction occurring during the trial, which should not justify a complete suspension of the proceedings pending review in this court.

Order affirmed.