[No. 7222.   Decided April 2, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Wilkeson Coal & Coke Company, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

CERTIORARI—REMEDY BY APPEAL—FORCIBLE ENTRY AND DETAINER —APPEAL—SUPERSEDEAS. There is an adequate remedy by appeal and therefore *certiorari* will not lie to review an order in an action of unlawful detainer, quashing a writ of restitution for insufficiency of the notice set out in the complaint; since the plaintiff may stand upon the notice and forthwith appeal from the final judgment, securing a supersedeas and review of the order; or may amend the complaint and secure another writ.

Application for a writ of certiorari to review an order of the superior court for Pierce county, Clifford, J., entered February 8, 1908, quashing a writ of restitution, in an action of unlawful detainer.   Denied.

*Hudson & Holt,* for plaintiff.

*Gay & Rummens,* for respondents.

HADLEY, C. J.—This is an original application in this court for a writ of review, directed to the superior court of Pierce county and to the Honorable Miles L. Clifford, a judge thereof.   The affidavit in support of the application shows that the petitioner was, on the 10th day of January, 1908, the owner of a leasehold interest in the lands upon which a certain described house was situate; that the house was in the possession of a tenant of the petitioner for an indefinite period, with monthly periodical reservations of rent payable at the expiration of each month; that desiring to terminate the tenancy at the expiration of the month of January, 1908, the petitioner gave notice in writing to that effect on the 10th day of that month; that, possession not having been yielded in

[1]Reported in 94 Pac. 920.

obedience to the notice, the petitioner, on February 3, 1908, brought an. action of unlawful detainer against the tenant, procuring immediate issuance of a writ of restitution under the statute and obtained the possession; that afterwards the court quashed the writ of restitution on the ground that the description of the property as set forth in the notice to quit was too vague and indefinite to constitute a legal notice; that it is the purpose of the defendant in the action, on account of the quashing of the writ, to procure an order from the court directing that the possession of the premises shall be taken from the petitioner and restored to the tenant, all of which will be done unless proceedings are stayed. It is also averred that the writ was quashed after leave was given to file an amended complaint and before the same had been filed, heard, or considered by the court. The error assigned is that the court quashed the writ of restitution. The hearing here was upon demurrer to the affidavit of the petitioner.

It is well settled in this state that the relator is not entitled to the writ of review if it has an adequate remedy by appeal. It is contended that, after the writ of restitution has been issued and executed pending the suit, it is not contemplated by the statute that it may be quashed or otherwise disturbed until the final determination of the action; that the bond given on the issuance of the writ is intended to provide full compensation in the event the writ is wrongfully sued out, and that it follows that the court exceeded its jurisdiction when it quashed the writ. The writ of review will not, however, be issued in all cases where the court has exceeded its jurisdiction. It will be issued only in cases where there is no appeal or where, in the judgment of the court, there is not any plain, speedy, and adequate remedy at law. The relator has the remedy of appeal, since the order attacked was one made in the course of the action and may be reviewed on appeal from the final judgment.

It is argued, however, that the remedy by appeal will not be adequate, for the reason that by the quashing of the writ

of restitution the possession may be restored to the tenant and the relator thus deprived of the entire fruits of the statutory writ issued *pendente lite*. Bal. Code, § 5534 (P. C. § 1177), provides that the writ may issue when the action is commenced or at any time afterwards. If, therefore, the relator is satisfied with its description in its notice and complaint, it may stand thereon, and on the entry of final judgment it may appeal forthwith. No reason has been pointed out to us why it may not supersede the judgment pending appeal and thus preserve the status as to the possession. Again, if the relator is not satisfied with its complaint, it may avail itself of its leave to amend, and having sufficiently done so, it will be entitled to the writ under the terms of the statute authorizing its issuance at the beginning of the action "or at any time afterwards." It thus appears that the relator is not without adequate legal remedy, for which reason it is not entitled to the writ of review.

The writ is therefore denied.

FULLERTON, ROOT, CROW, and MOUNT, JJ., concur.