[No. 8496.   Department Two.   January 12, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Seattle General Contract Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

APPEAL—DECISION REVIEWABLE—FINALITY.   An order for the inspection of papers under Bal. Code, § 6047, is not a final order from which an appeal can be taken directly.

CERTIORARI—ADEQUATE REMEDY BY APPEAL—DISCOVERY — INSPECTION OF PAPERS.   Certiorari does not lie to review an order for the inspection of papers, made under Bal. Code, § 6047, since there is an adequate remedy by appeal from the final judgment.

DISCOVERY—POWER TO ORDER INSPECTION OF PAPERS—APPEAL.   Bal. Code, § 6047, authorizing the court to order an inspection of papers material as evidence in a cause, does not contemplate an inspection of confidential and privileged matter not admissible in evidence; and the party may refuse to submit to the invasion of private rights and appeal from a judgment of contempt.

Certiorari to review an order of the superior court for King county, Shackleford, J., entered November 20, 1909, for the inspection of records.   Writ quashed.

*Hughes, McMicken, Dovell & Ramsey, Roberts, Battle, Hulbert & Tennant*, and *Morris B. Sachs*, for relators.

*George E. de Steiguer* and *Harold Preston*, for respondents.

[1]Reported in 106 Pac. 150.

MOUNT, J.—The relators by this proceeding seek to review an order of the lower court directing an inspection of certain documents in the possession of the relators. It appears that C. D. Bussell and others brought an action in the lower court against E. W. Ross, commissioner of public lands for the state of Washington, and the relators herein, seeking an accounting for the cost of filling in certain tide lands by the relators, under a contract with the state entered into pursuant to the act of March 9, 1893, Laws 1893, p. 241, which tide lands were alleged to have been purchased by the said plaintiffs from the state subsequent to and subject to said contract; and also seeking a restraining order to prevent the commissioner of public lands from issuing certificates to the relators, which certificates become a lien upon such lands for a greater amount than the actual cost of such fill.

After the service and filing of the complaint in that action, the parties therein filed and served a motion for an inspection and leave to copy certain books and papers of the relators, under Bal. Code, § 6047. At the hearing upon this motion, the defendants appeared and demurred to the complaint, upon the ground that it did not state a cause of action; and also objected to the granting of the motion, for the reason that the court was without jurisdiction to make the order because the complaint failed to state a cause of action, and because no showing by affidavit was made as to the materiality of the books and papers, or that such books and papers contained evidence material to any issue, or upon the merits, and because the application was prematurely made before issues of fact were joined. The court denied these objections, and entered an order for an inspection of certain books and papers. Relators thereupon applied to this court for a writ of certiorari to review this order, and the writ was issued.

The respondents have moved to quash the writ, upon the ground that the order is an interlocutory order and may be

reviewed upon appeal from any final judgment which may be entered in the cause.  This motion must be granted.  The statute authorizes the writ of review only where there is no appeal, and where there is no plain, speedy, and adequate remedy at law.  Bal. Code, § 5741.  This court has uniformly held that, where there is a plain, speedy, and adequate remedy by appeal in the ordinary course, the writ of certiorari will not issue.  *State ex rel. Wilkeson Coal & Coke Co. v. Superior Court*, 49 Wash. 203, 94 Pac. 920; *State ex rel. Smith v. Superior Court*, 47 Wash. 508, 92 Pac. 349; *State ex rel. Weymouth v. Lockhart,* 28 Wash. 460, 68 Pac. 894. The order made in this case was not a final order.  It was simply an interlocutory order made in the progress of the case.  The statute under which the order was made provides:

"Any court, or judge thereof, in which an action is pending may, upon notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any book, document, or paper in his possession, or under his control, containing evidence relating to the merits of the action or defense therein.  If compliance with the order be refused, the court may exclude the book, document, or paper, from being given in evidence, or if wanted as evidence by the party applying, may direct the jury to presume it to be such at he alleges it to be, and the court may also punish the party refusing as for contempt." Bal. Code, §6047.

It is at once apparent that any order made under this statute for the production or inspection of books or papers, in an action pending, is an interlocutory order in such action. *Harris v. Richardson*, 92 Minn. 353, 100 N. W. 92.  It is no more than a ruling upon an offer of evidence at the trial, and is no more final than any other ruling admitting or excluding evidence in a case.  For that reason, no appeal can be taken directly from such ruling, even if error is manifest therein.  Such rulings are reviewed upon the final judgment, and not otherwise.  The fact that an appeal will not lie directly from such order is not sufficient basis for a writ of

review, because the party deeming himself aggrieved has an adequate remedy by appeal from the final judgment in the case. *State ex rel. Wilkeson Coal & Coke Co. v. Superior Court, supra.* In this case we said:

"The writ of review will not, however, be issued in all cases where the court has exceeded its jurisdiction. It will be issued only in cases where there is no appeal or where, in the judgment of the court, there is not any plain, speedy, and adequate remedy at law. The relator has a remedy by appeal, since the order attacked was one made in the course of the action and may be reviewed on appeal from the final judgment."

Any other rule would result in interminable delay and confusion in the trial of cases.

Counsel for relators argue, in substance, that these books and papers are private property of the relators, and an inspection thereof by the plaintiffs in that action will result in an invasion of the private rights and possibly to the irreparable injury of the relators. The statute, of course, does not contemplate that the parties to an action may have an inspection of books and papers which are not material, or which on account of their confidential and privileged character could not be received in evidence, and if an order were made for the inspection of such books or papers, a party would be safe in refusing to submit to such order; and if the court should attempt to enforce obedience by a fine or imprisonment for contempt, the judgment imposing a penalty would be a final order which might be reviewed independently of the main case. *Lester v. Berkowitz*, 125 Ill. 307, 17 N. E. 706. But for books and papers, though private, which might properly be introduced in evidence in the case, the court clearly has a right to order an inspection thereof.

In the case of *Western Union Tel. Co. v. Locke*, 107 Ind. 9, 7 N. E. 579, the supreme court of Indiana, in discussing a case somewhat similar to this, said:

"It is very ingeniously and ably argued that great hardship might often result from error of a trial court in direct-

ing the production of a document, but there are many cases
in which the erroneous ruling of the trial court on a ques-
tion arising in the course of the proceeding may produce
great hardship, yet this consideration supplies no reason
for allowing an appeal.    The truth is, that in every case
much must necessarily be left, in the first instance, to the
sound judgment of the trial judge, and although he may
err and thus cause serious injury to the party, still no
appeal will lie until after the final judgment, for the case can-
not be cut up into parts and tried by piecemeal.    An error in
compelling a party to give oral testimony may be as injuri-
ous as one made in directing the production of written in-
struments of evidence, but certainly in such a case there can
be no appeal until after final judgment.    So, an error may
be committed in compelling the disclosure of confidential
communications, or in compelling a party to submit to a
personal examination, and yet there can be no appeal from
such a ruling.    So, also, great hardship may arise from erro-
neously compelling a party to produce a letter, a receipt, a
promissory note, a lease or a deed, but the hardship of the
case will not entitle the party to an appeal.    On the other
hand, to allow appeals from such rulings before final judg-
ment, would be a great hardship to the party rightfully
demanding the production of the instrument; it would also
be a great injustice to the public and a burden to the courts,
for it would enable litigants to take many appeals in a
single cause.    It is safer to trust the trial judge than the
interested parties.    It is consistent with experience and in
harmony with sound principle to trust to the judge rather
than to the parties having important interests at stake and
often angered by controversy.    It is far better to presume
that the judge will not unjustly require the production of a
written document, than to presume that a party will not abuse
the right of appeal."

This language was used in reference to the right of appeal
in that case, but it is particularly applicable here, and
clearly expresses our ideas upon the subject in hand.    We are
of the opinion, therefore, that certiorari will not lie to re-
view the order complained of, because the relators have a
remedy by appeal from the final judgment in the case, where
any errors made by the trial court relating to the sufficiency

of the complaint or the showing for the order of inspection or the admissibility of the books and papers as evidence may be reviewed.

The motion to quash is therefore sustained.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.