KAISER v. CHICAGO, ST. P., M. & O. RY. CO.

(District Court, D. Minnesota, Third Division. January 13, 1912.)

COURTS (§ 351*)—BOOKS AND PAPERS—INSPECTION BEFORE TRIAL—FEDERAL COURTS.

Since Rev. St. § 724 (U. S. Comp. St. 1901, p. 583), authorizes federal courts to require production of books and papers "at the trial" of actions at law, such provision is exclusive in its application to the federal courts; and hence a federal court sitting in Minnesota could not order a production of books and papers before trial, as authorized in state courts by Rev. Laws Minn. 1905, § 4729.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. § 351.*

Conformity to state practice, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 393.]

At Law. Action by William Kaiser against the Chicago, St. Paul, Minneapolis & Omaha Railway Company. On application by defendant to compel plaintiff to produce in advance of a trial books and papers for defendant's inspection. Denied.

Durment, Moore & Sanborn, for plaintiff.
Richard L. Kennedy, for defendant.

WILLARD, District Judge. The case of Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, was decided on May 29, 1911. The court there held that under R. S. § 724 (U. S. Comp. St. 1901, p. 583), a party could not be compelled to produce in advance of the trial books and papers for the inspection of the other party. Section 724 is as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant, as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

After·that decision, and with knowledge thereof, the defendant in this action made a motion that the plaintiff be required to produce in advance of the trial, for defendant's inspection, its books and papers. This motion was based, not on said section 724, but upon section 4729 of the·Revised Laws of Minnesota of 1905. That section is as follows:

"Inspection of Documents.—The court before which an action is pending may order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any book, document, or paper in his possession or under his control, containing evidence relating to the merits of the case. If compliance is refused, the court may exclude the book, document, or paper, or, if wanted as evidence by the party applying, may. direct the jury to presume it to be as alleged by him. The court may also punish the party refusing as for a contempt. This section shall not be construed to prevent a party from compelling another to produce books, papers, and documents when he is examined as a witness."

The Supreme Court of Minnesota has held that under this section production may be required, even before issue joined. Harris v. Richardson, 92 Minn. 353, 100 N. W. 92. Defendant's claim is that by virtue of R. S. § 914, the conformity statute, the Minnesota statute should be enforced in the federal courts.

In Ex parte Fisk, 113 U. S. 713, on page 721, 5 Sup. Ct. 724, on page 727 (28 L. Ed. 1117), the court said: ·

"We think it may be added further, in the same direction, that if Congress had legislated on this subject and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of any legislation of the states in the same matter."

What, then, is the "subject" or the "matter" concerning which ·Congress legislated in ˊsection 724? The defendant's theory is that the matter there treated of is the production of books *at the trial;* that Congress left untouched and open to the states the field of legislation relating to the production of books *before the trial.* That isˊ too narrow a view to take of the section. The matter considered was the examination of books and papers by the adverse party. In determining what legislation was needed, Congress must have considered when the examination should be had.

In Carpenter v. Winn, supra, the court said (221 U. S. 541, 31 Sup. Ct. 686, 55 L. Ed. 842):

"The party against whom such an order is sought has the undoubted right to make every objection which he could make, were he a defendant in equity to a bill seeking discovery of the same evidence; for the right to compel production is no broader under the statute than under a discovery proceeding in equity. This would include the right to insist that the case, the circumstances, and the purpose to be advanced were not such as to justify the order. He must also be heard, if he desires, upon the pertinency of the evidence which is being sought, and the right to insist that he be not required to disclose that which pertains only to his side of the case, but only that which is material to make out the case of the party seeking the order. When, where, and how are these important questions to be heard and decided? If heard by the court in advance of the trial, it will often be necessary that it shall possess itself of that kind of knowledge of the case which can be had only on the trial where the evidence is to· be produced. This in many cases will practically require two trials—one before the jury is impaneled; another after. Opportunities for a miscarriage of justice, as

well as inconvenience to the trial judge, may be reduced to a minimum by making an order to produce at the trial, or there show cause why he should not."

These considerations were in all probability in the mind of Congress when the original act was passed. The law was so framed that an examination could be had only at the trial. It impliedly prohibits an examination before the trial.

In Union Pacific Railway Co. v. Botsford, 141 U. S. 250, on page 256, 11 Sup. Ct. 1000, on page 1003 (35 L. Ed. 734), the court said:

"The only power of discovery or inspection, conferred by Congress, is to 'require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery,' and to nonsuit or default a party failing to comply with such an order. Rev. Stat. § 724. And the provision of section 914 (U. S. Comp. St. 1901, p. 684), by which the practice, pleadings, and forms and modes of proceeding in the courts of each state are to be followed in actions at law in the courts of the United States held within the same state, neither restricts nor enlarges the power of these courts to order the examination of parties out of court."

There is nothing in Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721, which supports the claim of the defendant.

In Carpenter v. Winn the court said (221 U. S. 539, 31 Sup. Ct. 685, 55 L. Ed. 842):

"Under the ordinary rules of procedure in chancery to obtain a discovery of evidence material to the maintenance or defense of an action at law, such evidence must, in the very nature of things, result in production before the 'trial' at law. Such procedure is still open, if it is desired to have the evidence produced before the trial."

It did not add, as it might have done, if defendant's contention be true, "or under state statutes allowing it, where such exist."

If it were discretionary with the court to make the order, the motion would be granted; but it is denied, on the sole ground of want of power to make it.