IN RE TRUSTEESHIP UNDER WILL OF HANS L.
MELGAARD.
IRENE M. MELGAARD HAUSER AND OTHERS, APPEL-
LANTS; MIDLAND NATIONAL BANK AND TRUST
COMPANY AND ANOTHER, RESPONDENTS.[1]

January 13, 1933.

No. 29,214.

*Boutelle, Bowen & Flanagan,* for appellants.
*Ueland & Ueland,* for respondents.

PER CURIAM.

Motion to dismiss an appeal from an order granting in part and denying in part an inspection of books and papers in the possession of one of the parties.

G. S. 1923 (2 Mason, 1927) § 9886, provides that the court before which an action is pending "may order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any book, document, or paper in his possession or under his control, containing evidence relating to the merits of the case."

[1]Reported in 246 N. W. 478.

Is an order granting or denying such a motion an appealable order? , It is urged that such an order is a provisional remedy and appealable under § 9498(2) of the statutes.

Discovery under the common law was by bill in equity for discovery of facts residing in the knowledge of the defendant named in the bill, or discovery and inspection of deeds, writings, or other things in his custody, but seeking no relief other than such discovery. It was a separate action or proceeding wherein the one seeking discovery was plaintiff and the other party or parties to a pending or contemplated action at law were defendants. Interrogatories were included in or attached to the bill, and the defendant or defendants therein were required to answer them.

Our statutes do not provide any such proceeding. The order for an inspection of books and documents is a mere order of the court in a pending action. The statute does not in terms require any formal application or notice. The order may apparently be made during or before trial on notice or ex parte. An appeal from such an order is likely to result in serious delay in the prosecution of the action. If held a provisional remedy, the granting of such inspection will prevent the dismissal of the suit by the plaintiff before trial. G. S. 1923 (2 Mason, 1927) § 9322(1). In Harris v. Richardson, 92 Minn. 353, 100 N. W. 92, there was an appeal from an order granting inspection of documents. The appealability of the order was not raised in this court. The opinion states, in substance, that if the appeal had been challenged the court would hold that the order could not be reviewed on appeal; that the order was neither a provisional remedy nor an order affecting a substantial right, but rather an interlocutory direction occurring during the trial, which should not justify a suspension of the proceeding pending review by this court. That holding has stood unchallenged since 1904. In State ex rel. Seattle G. C. Co. v. Superior Court, 56 Wash. 649, 106 P. 150, 28 L.R.A.(N.S.) 516, the court directly passed upon the question and held that such an order was interlocutory, not appealable, and reviewable only on appeal from the final judgment in the case. Under our practice it could also be reviewed on appeal from an order denying a new trial.

Provisional remedies have been enumerated as including arrest, attachment, bail, claim and delivery, injunction, ne exeat, and receivership.

Inspection of books and papers, under the Wisconsin statutes, has been held in that state to be a provisional remedy. The Wisconsin statute goes farther than ours and permits examination of an adverse party as a witness, practically the same as the common law suit for discovery. See Ellinger v. Equitable L. A. Society, 125 Wis. 643, 104 N. W. 811.

The case of Alexander v. U. S. 201 U. S. 117, 26 S. Ct. 356, 50 L. ed. 686, if we read it right, holds that an order for production of books and papers and for the examination of a witness is an interlocutory order and not appealable; but that if a witness refuses to obey such an order and is adjudged guilty of contempt, he may then appeal from the judgment of conviction.

We find nothing in subds. 3, 5, or 7 of § 9498 of the statutes making the order here in question appealable.

The order was not an appealable order, and the appeal is dismissed.

Stone, J. (dissenting).

If I were making law I would do it precisely as it is done in the majority opinion, which probably reaches the more desirable result. But inasmuch as we must take the statute as we find it, I reach the opposite conclusion.

If the order in question is one granting or denying a provisional remedy, within the meaning of G. S. 1923 (2 Mason, 1927) § 9498(2), it is appealable. Inasmuch as a provisional remedy is one "provided for present need, or for the occasion * * * one adapted to meet a particular exigency" (6 Wd. & Phr. [1 ser.] 5752) there ought to be no question but that discovery is a provisional remedy. Historically, at least, it was so much a remedy that it was the subject of an independent ground of equity jurisdiction. The remedy given by our statute is but a partial substitute for that formerly provided by a bill for discovery in chancery. Turnbull v. Crick, 63 Minn. 91, 65 N. W. 135. It has been held, therefore, that discovery remains a provisional remedy. Noonan v. Orton, 28 Wis. 386;

Ellinger v. Equitable L. A. Society, 125 Wis. 643, 104 N. W. 811, 813. In the latter case the subject was quite exhaustively reviewed by Mr. Chief Justice Cassoday in the light of the authorities. His conclusion was that there could be no escape from the decision [125 Wis. 649] "that the proceedings instituted by the plaintiff to compel the inspection of books and papers were a provisional remedy as defined by this court in the cases cited." Neither Noonan v. Orton, 28 Wis. 386, nor the Ellinger case, 125 Wis. 643, 104 N. W. 811, were overruled, or even limited, by Phipps v. Wisconsin Cent. Ry. Co. 130 Wis. 279, 110 N. W. 207. The order there held not appealable was not one for discovery in the ordinary sense. Adverse witnesses were being examined under the Wisconsin statute. Their attendance was compelled by a subpoena duces tecum. The witnesses declined to produce the documents they were subpoenaed to produce. They were directed to obey the subpoena by the commissioner before whom the testimony was being taken. The matter was then certified by him to the court, which upon motion made an order commanding the witnesses to comply with the subpoena. It was from that order that the appeal was taken, and which was held not appealable. The case, therefore, is distinguishable from Noonan v. Orton, 28 Wis. 386, and Ellinger v. Equitable L. A. Society, 125 Wis. 643, 104 N. W. 811, and in no wise diminishes their ruling force.

To say that under our present procedure such an order is interlocutory merely (see State ex rel. Seattle G. C. Co. v. Superior Court, 56 Wash. 649, 106 P. 150, 28 L.R.A. (N.S.) 516) does not touch the question whether it grants or denies a provisional remedy. I see no escape from holding that it is of that nature, and so appealable under the explicit provision of our statute. In that view, we need not consider whether it is also one involving a substantial right and so appealable on that ground alone. It was so held in Thompson v. Erie Ry. Co. 9 Abb. Pr. (N. S.) 212, and La Farge v. La Farge F. Ins. Co. 14 How. Pr. 26. The dictum (it was nothing more) in Harris v. Richardson, 92 Minn. 353, 100 N. W. 92, in so far as it runs contrary to the views above expressed, seems to me not a correct statement of the law. Hence I dissent.