[S. F. No. 15476.   In Bank.—December 31, 1936.]

LEW L. COLLINS, Respondent, v. GEORGE H. CORSE, Jr., et al., Appellants.

Resleure, Vivell & Pinckney and Eugene R. Elerding for Appellants.

S. M. Saroyan for Respondent.

CURTIS, J.—Appellants have attempted to perfect an appeal to this court from an order of the Superior Court in and for the City and County of San Francisco permitting plaintiff to inspect certain documents and books belonging to defendants and directing that copies thereof be furnished by the defendants to plaintiff under section 1000 of the Code of Civil Procedure.   The basis of the complaint was that defendants had entered into a contract with plaintiff whereby they gave to him the sole and exclusive agency for the sale and distribution of gasoline to distributors and dealers in the San Joaquin Valley from Manteca, California, south to Selma, California; that his compensation was to be measured by the amount of gasoline sold in said territory, that defendants had breached said contract; and that he was entitled as dam-

ages to a certain percentage of the receipts upon all sales made ·by the defendants or by agents of the defendants in said territory. To prove the amount of damages to which he was entitled plaintiff sought and secured an order from the Superior Court in and for the City and County of San Francisco granting to plaintiff the right to inspect certain books of account of the defendants, and directing the defendants to furnish to plaintiff copies of other documents relative to the receipts derived by defendants from the sale of gasoline in the said territory.

■ Although the question was not raised in the brief of the respondent, nor in any manner discussed by any of the parties in their briefs, at the very threshold of a discussion of this controversy we are confronted with the question of whether or not the order granting the right of inspection pursuant to section 1000 of the Code of Civil Procedure is an appealable order. If it is not an appealable order, it is the duty of this court on its own motion to dismiss the appeal. (*Adams* v. *Christopher,* 112 Cal. App. 37, 39 [296 Pac. 85]; *In re Wiard,* 83 Cal. 619 [24 Pac. 45].)

We are convinced both upon reason and authority that such an order is not an appealable order. Section 963 of the Code of Civil Procedure enumerates the orders and decisions of the superior court from which an appeal will lie, and an order of this character is not among those mentioned. (*Sherman* v. *Standard Mines Co.,* 166 Cal. 524 [137 Pac. 249]; *Union Oil Co.* v. *Reconstruction Oil Co.,* 4 Cal. (2d) 541 [51 Pac. (2d) 81].) There is only one category enumerated in which said order could possibly fall, that is, "a final judgment entered in an action, or special proceeding, commenced in the superior court . . . " As pointed out in *Union Oil Co.* v. *Reconstruction Oil Co., supra,* it is true that a final judgment is not necessarily the last one in an action and the term "final judgment" is not limited to a decree finally determining all issues presented by the pleadings, but such term may be applied to a final determination of a collateral matter, distinct from the general subject of litigation, affecting only the particular parties to the controversy and finally settling the same. The proceeding in the instant case is not, however, a collateral matter, but is in the nature of a procedure for the compelling of evidence to prove or disprove the truth of the issues involved in the action. The

order cannot, therefore, be correctly classified as a final determination of a collateral matter.

The case of *Union Oil Co.* v. *Reconstruction Oil Co., supra,* is direct authority for the conclusion that the order herein involved is not an appealable order. It was held in that case that an order for the inspection of an oil well under lease by the defendant, and the making of a subsurface survey by the plaintiff, was not an appealable order. While it is true that the subject matter of that controversy was an oil well in the possession of the defendant, and the subject matter in the instant case is books and documents in the hands of the defendants, the orders in both instances are closely analogous, and cannot be distinguished in principle.

The same result herein arrived at has been reached by the Supreme Courts of Washington and Minnesota. Both courts have held that an order granting or refusing inspection of books and documents in the hands of or under the control of adverse parties is not appealable. (*In re Melgaard's Will,* 187 Minn. 632 [246 N. W. 478] ; *State of Washington ex rel. Seattle General Contract Co.* v. *Superior Court,* 56 Wash. 649 [106 Pac. 150, 28 L. R. A. (N. S.) 516].)

It should also be noted that in all the instances in which the question of the validity of such an order has heretofore been presented to this court, the aggrieved party has sought a remedy other than by appeal.

The appeal is dismissed.

Waste, C. J., Edmonds, J., Thompson, J., Shenk, J., and Langdon, J., concurred.