[No. B029166. Second Dist., Div. Three. June 2, 1988.]

KEVIN B. SUPPLE, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, et al., Defendants and Respondents.

COUNSEL

Fred L. Wright for Plaintiff and Appellant.

James J. Hahn, City Attorney, John T. Neville, Richard M. Helgeson, Assistant City Attorneys, and Katherine J. Hamilton, Deputy City Attorney, for Defendants and Respondents.

OPINION

DANIELSON, J.—Kevin Supple (plaintiff) purports to appeal from a judgment entered on an arbitration award which had become final, and from a previous interlocutory judicial order sustaining a demurrer to two of his five causes of action without leave to amend.

We dismiss the appeal as having been taken from a nonappealable judgment and order.

THE ISSUE

The question presented by this appeal is whether an appeal can be taken from a final arbitration award which has been entered as a judgment so as to permit appellate review of a prior interlocutory judicial order sustaining a

demurrer to some of plaintiff's causes of action without leave to amend. We hold that it cannot.

## PROCEDURAL AND FACTUAL STATEMENT

On December 22, 1981, plaintiffs filed an unverified complaint against the City of Los Angeles (City) and two Los Angeles police officers, Bruce Henell and Fred Mannion (collectively, defendants) based on an alleged incident on March 21, 1981, in which the defendants threatened to strike and did strike plaintiff Kevin Supple "in and about his face, head and body," causing the injuries and damages complained of. Plaintiff sought damages in the first through fourth causes of action, respectively, on the alternative theories of assault and battery, negligence, excessive force, and negligent employment.[1]

On February 18, 1982, defendants answered by generally denying the complaint's material allegations and by asserting three affirmative defenses.

On August 13, 1984, the court granted plaintiffs' motion to file an amended complaint, the first and second causes of action of which were alleged to be actions for money damages, under 42 United States Code sections 1983, 1985 and 1988[2] (part of the federal Civil Rights Act) for the deprivation of rights, privileges and immunities secured to plaintiff by the United States Constitution. The first cause of action alleged that plaintiff was deprived of his civil rights in that he was assaulted and battered by defendants. The second cause of action alleged that he was deprived of his civil rights in that defendants used excessive force in detaining plaintiff. Both of those causes of action were predicated on the same alleged incident of March 21, 1981, and further alleged "the existence of either a formal or informal City of Los Angeles policy authorizing" unconstitutional conduct by its police officers. In addition to damages for the alleged injuries, the first and second causes of action also sought reasonable attorney's fees, as authorized by 42 United States Code section 1988.[3]

In the third cause of action plaintiff sought damages against defendants based on their alleged negligence. In the fourth cause of action plaintiff

---

[1] Sheila A. Supple, plaintiff's mother and the plaintiff in the fifth cause of action for negligent infliction of emotional distress, is not a party to this appeal.

[2] 42 United States Code section 1983 creates a civil action for damages against any person who, under color of state law, deprives another person of his civil rights. 42 United States Code section 1985 provides a right of action for damages to a person injured or deprived of his civil rights by two or more persons conspiring to do so.

[3] 42 United States Code section 1988 provides, in part, "In any action . . . to enforce a provision of sections . . . 1983, 1985 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

sought damages against defendant City on the theory of its negligent employment of defendants Henell and Mannion as police officers. Both of those causes of action were also predicated on the alleged incident of March 21, 1981, and had been pleaded in the original complaint.

On November 7, 1984, the court sustained without leave to amend defendants' demurrer to the first and second causes of action of the amended complaint on the ground that those causes of action were barred by the applicable statute of limitations[4] in that "Plaintiff's original complaint did not allege any civil rights violations . . . . The legal theory now urged is so different that there is no relation back." The court specifically noted that other causes of action remained pending.

On November 15, 1984, defendants answered the first amended complaint by denying its material allegations and by asserting six affirmative defenses.

On February 25, 1985, plaintiffs served and filed their written election to submit the action to judicial arbitration.[5]

On October 15, 1986, the cause was heard by the arbitrator who made his award in favor of plaintiff and against the City in the sum of $4,500, plus costs, and for the City and against plaintiff Sheila Supple on her fifth cause of action. The arbitrator's award, dated November 19, 1986, was served by mail on each party on November 24, 1986. The original award, which is in the superior court file, bears a date stamp, "NOV 25 1986," and the county clerk's stamp "FILED DEC 26, 1986." No request for a de novo trial was ever filed. Plaintiff served, and on July 29, 1987, he filed, a notice of entry of judgment "entered . . . on December 26, 1986"; and on July 31 he filed his notice of appeal from a portion of that judgment.

## CONTENTIONS

Plaintiff noticed his appeal from a portion of a judgment rendered in favor of defendants and thus necessarily contends that such judgment is appealable. He also contends, on the merits, that the superior court erred in sustaining defendants' demurrer to his first and second causes of action, without leave to amend, thereby denying him an opportunity to assert and

---

[4]Our Supreme Court has held that for cases arising under 42 United States Code section 1983, the statute of limitations is the three-year period for actions based on "a liability created by statute," regardless of the particular facts alleged in the complaint. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 839 [129 Cal.Rptr. 453, 548 P.2d 1125].)

[5]In accordance with California Rules of Court, rule 12(a), we have ordered the entire superior court file transmitted to us to augment the record on appeal.

prove the alleged deprivation of his civil rights (42 U.S.C. §§ 1983 and 1985) and to seek an award of attorney's fees as authorized by 42 United States Code section 1988.

Defendants contend that the appeal should be dismissed because it is from a nonappealable judgment or order, and that if it were appealable the notice of appeal was not timely filed. Defendants also controvert plaintiff's contention on the merits and assert that the trial court did not err in sustaining the demurrer.

DISCUSSION

*Jurisdiction*

Jurisdiction is the threshold issue in all judicial proceedings. We examine our jurisdiction to consider this appeal.

■ Absent jurisdiction over the case or controversy, a court is without power to act. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case . . . ." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) However, a court has jurisdiction to determine whether it does have jurisdiction, as we do in this appeal. It is settled that "a tribunal has jurisdiction to determine its own jurisdiction." (*Id.* at p. 302.)

■ The right of appeal of a judicial decision is wholly statutory and no judgment or order is appealable unless expressly made so by statute. (*Woodman* v. *Ackerman* (1967) 249 Cal.App.2d 644, 649 [57 Cal.Rptr. 687]; *Collins* v. *Corse* (1936) 8 Cal.2d 123, 124 [64 P.2d 137]; and see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal §§ 2, 37-38, pp. 33, 60-61.) A fortiori, a judgment or order which is declared by statute to be "not subject to appeal" is not appealable.

■ If the judgment or order appealed from is not an appealable order it is the duty of the court, on its own motion, to dismiss the appeal. (*Collins* v. *Corse, supra,* 8 Cal.2d 123, 124.) This court has no jurisdiction to exercise appellate review of the judgment in this case, which is not appealable.

*The Notice of Appeal*

In his notice of appeal plaintiff states that he appeals from "that portion of the Judgment [of Dec. 26, 1986] . . . specifically, the court's ruling of November 7, 1984 sustaining without leave to amend, defendants' demurr

[*sic*] to plaintiff's first and second causes of action claiming violation of civil rights."

It appears that plaintiff seeks appellate review of a prior interlocutory judicial order which he assumes to be included in the judgment entered December 26, 1986. That judgment is the award of the arbitrator entered by the clerk as a judgment 30 days after the award was filed, no party having filed a request for a de novo trial during that period. As such it is not subject to appeal.

*Basic Principles of Judicial Arbitration*

In 1978 the Legislature enacted and added Chapter 2.5, Judicial Arbitration, to part 3, title 3, Code of Civil Procedure.[6] (§ 1141.10 et seq.) The Legislature's declared purpose was to have the courts encourage the use of arbitration to resolve minor civil disputes in a simplified and economical manner. (§ 1141.10.)

The act, as amended, provides, inter alia, that in counties with 10 or more superior court judges (we judicially notice that Los Angeles County has more than 10 superior court judges), civil actions should be submitted to arbitration where the amount in controversy would not exceed $50,000 for each plaintiff (§ 1141.11); upon stipulation of the parties, regardless of the amount in controversy (§ 1141.12, subd. (a)), or upon filing of an election to arbitrate by the plaintiff in cases in which the plaintiff agrees that the award shall not exceed the amount specified in section 1141.11 (§ 1141.12, subd. (b)(ii)).

The act authorized the Judicial Council to provide by rule for practice and procedure for all actions submitted to arbitration (§ 1141.14);[7] provided that arbitration awards "shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court," and authorized any party to elect to have a de novo trial (§ 1141.20); and further provided that when the arbitration award is filed in the court, and there is no request for a de novo trial, and the award is not vacated,[8] "the award shall be entered in the judgment book" (see § 668.5)

---

[6] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[7] Pursuant to the authority provided by statute the Judicial Council has provided Judicial Arbitration Rules for Civil Cases. (Cal. Rules of Court, rules 1600-1617.) Those rules implement the judicial arbitration statutes summarized above. Rule 1615(c) specifically provides that when the arbitration award is entered as a judgment "it is not subject to appeal . . . ."

[8] Section 1141.22 and California Rules of Court, rule 1615(d) provide for the vacation of the judgment under certain circumstances which are not relevant to this appeal.

and "shall have the same force and effect as a judgment in any civil action . . . except that *it is not subject to appeal . . . .*" (§ 1141.23; italics added.)

*The Judgment in This Case Is Not Appealable*

 Plaintiff's appeal, as set forth in his opening brief, is a contradiction in terms. He states that he is not appealing from the arbitration award which, he concedes, "may not be appealed"; but that he is appealing from the prior trial court ruling sustaining, without leave to amend, the demurrer to his first and second causes of action, which "deprived him of substantial claims," and that the "arbitration award is in no manner implicated by this appeal." He then concedes that that prior order was not appealable, citing *Beazell* v. *Schrader* (1962) 205 Cal.App.2d 673, 674 [23 Cal.Rptr. 189].

Apparently, what plaintiff is attempting to assert is that pursuant to the "one final judgment rule" the judgment in this case necessarily includes not only the arbitration award but also any prior interlocutory judicial orders which could affect the final judgment, including the November 7, 1984, order. He urges that this court should construe "that portion of the judgment . . . specifically the court's ruling of November 7," to be appealable, albeit the judgment itself, the final arbitration award, as entered, is not appealable.

We reject plaintiff's contentions and decline his invitation. The thrust of his position is that he wants his cake, i.e., the award in the sum of $4,500, and to eat it too, i.e., judicial resolution of the previously stricken causes of action for alleged civil rights violations. His position is untenable.

 A lawyer is presumed to know the laws and rules of procedure which govern the forms of litigation, the legal remedies, which he selects and pursues. Those who elect to arbitrate also elect to follow and be governed by the laws and rules governing arbitration. As we have seen, those laws and rules provide that a final arbitration award entered as a judgment is not subject to appeal. California Rules of Court, rule 1615(a) provides that the award of the arbitrator "shall determine all issues properly raised by the pleadings . . . ." When plaintiffs elected to arbitrate their civil action the first and second causes of action had been stricken from the complaint by the order sustaining defendants' demurrer without leave to amend; thus they were not "issues properly raised by the pleadings" which were before the arbitrator.

 In a judicial proceeding, interlocutory judicial orders which can effect the final judgment are reviewable on appeal from such final judgment. In arbitration proceedings, however, a final arbitration award which has

been entered as a judgment is not subject to appeal; therefore, such previous interlocutory judicial orders are not reviewable on appeal from that judgment.

 The effect of plaintiff's election to proceed by arbitration was to substitute the arbitration procedure in place of his right to pursue his civil action in a judicial context. Plaintiff was not deprived of any procedural or substantive right because of his election to arbitrate. If he desired to have the trial court's interlocutory order sustaining the demurrer reviewed by an appellate court he had the right, before the commencement of the arbitration proceedings and in a timely manner, to petition this court for an extraordinary writ to overturn that order. (See, e.g., *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144, 148 [145 Cal.Rptr. 534, 577 P.2d 669]; *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]; cf. *U.S. Financial* v. *Sullivan* (1974) 37 Cal.App.3d 5, 11-12 [112 Cal.Rptr. 18].) That, plaintiff did not do.

Alternatively, under the arbitration procedure, within 30 days after the arbitrator's award was filed with the clerk, plaintiff could have requested a de novo trial (§ 1141.20; Cal. Rules of Court, rule 1616), which would operate to nullify the arbitration award and resurrect the judicial proceedings. Plaintiff then would have had the opportunity to attack the November 7 order on appeal from the resulting judgment. (See *Coulter* v. *Superior Court, supra,* 21 Cal.3d 144, 148.) This, also, plaintiff did not do.

Absent a request for a de novo trial, the arbitration award was entered as a judgment, is final, and constitutes the judgment in the action. No appeal can be had from such a judgment based on an arbitration award. That judgment did not incorporate previous interlocutory judicial orders since the judicial procedure was superseded by the arbitration procedure and was not reinstated by a request for a de novo trial.

 We hold that a prior interlocutory judicial order does not survive an arbitration award when there is no request for a de novo trial, the award is not vacated, has become final, and has been entered as a judgment; therefore such an order is not reviewable on appeal from that judgment.

In the light of our decision we do not reach the other contentions presented by the parties.

## DECISION

The purported appeal is dismissed.

Klein, P. J., and Croskey, J., concurred.