Filed 6/2/14  Jember v. First Nat. Lending Services CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ASCHILEW JEMBER, et al., | H038659 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 110CV173750) |
| v. | |
| FIRST NATIONAL LENDING SERVICES, et al., | |
| Defendants and Respondents. | |

Aschilew Jember, Ferede Negash, and Lielti Mesfin (collectively "plaintiffs"), who are representing themselves, filed a notice of appeal that indicated they were appealing from an August 7, 2012 order denying their motion for reconsideration and all other orders since September 23, 2010, which were unspecified.  Insofar as we can discern, plaintiffs are attempting to attack a May 17, 2012 order striking their second amended complaint on the ground that it was "manufactured by clerical staffs out of racial hate crime" and the judge "became part of the crime" because he "understood that the clerical staff used his stamp to endorse their criminal operation."  They also claim that

1

their second amended complaint was timely filed. They have proceeded by way of an appendix.[1]

Neither an order denying a motion for reconsideration nor an order striking a complaint is an appealable order. (See Code Civ. Proc., §§ 904.1, 1008, subd. (g).)[2] Their appendix does not show this purported appeal is from a judgment of dismissal after an order sustaining a demurrer, which judgment is appealable. (See § 904.1, subd. (a)(1).) Accordingly, we will dismiss the purported appeal.

I

*Plaintiffs' Appendix*

Their appendix reflects the following. By order filed on May 17, 2012, the superior court struck plaintiffs' Second Amended Complaint as untimely in response to a "Request for Action" from a deputy clerk of the Santa Clara County Superior Court. On May 23, 2012, plaintiffs filed a motion for reconsideration of that order. On August 9, 2012, plaintiffs filed a notice of appeal purporting to appeal from the August 7, 2012 order denying their motion for reconsideration and also from "all court orders since September 23, 2010 ongoing in this matter . . . ."

The only court order contained in plaintiffs' appendix is the May 17, 2012 order striking the second amended complaint. Although documents in the appendix indicate

---

[1]    An appendix "must contain:  [¶]  (A) All items required by rule 8.122(b)(1), showing the dates required by rule 8.122(b)(2); [¶] (B) Any item listed in rule 8.122(b)(3) that is necessary for proper consideration of the issues, including, for an appellant's appendix, any item that the appellant should reasonably assume the respondent will rely on; [¶] (C) The notice of election; and [¶] (D) For a joint appendix, the stipulation designating its contents." (Cal. Rules of Court, rule 8.124(b).)  An appendix must contain any order appealed from and any notice of its entry and "must show the date necessary to determine the timeliness of the appeal under rule 8.104 or 8.108." (Cal. Rules of Court, rules 8.122(b)(1) & (b)(2); 8.124(c).)  The plaintiffs' appendix is not compliant with this rule. All further references to rules are to the California Rules of Court.
[2]    All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

that the plaintiffs' reconsideration motion was scheduled to be heard, and apparently was heard, on August 7, 2012, the appendix does not contain a minute order or a reporter's transcript of a August 7, 2012 order denying plaintiffs' motion for reconsideration.

II

*Discussion*

Defendants indicate in their respondents' brief that the trial court's May 17, 2012 order striking plaintiffs' second amended complaint was based on the court's July 29, 2011 order sustaining a demurrer to the first amended complaint with leave to amend within 10 days. (See rule 3.1320(g) ["Following a ruling on a demurrer, unless otherwise ordered, leave to answer or amend within 10 days is deemed granted [with exceptions not here applicable]"]; § 472b [After a demurrer is sustained, the time given to amend "runs from the service of notice of the decision or order, unless the notice is waived in open court, and the waiver entered in the minutes"].) The July 29, 2011 order is not included in plaintiffs' appendix. In their reply brief, however, plaintiffs acknowledge that the court sustained a demurrer in part on July 29, 2011.

Plaintiffs now argue that the 10-day period to amend their complaint began running on April 11, 2012, the date on which the Supreme Court denied their petition for review of our order dismissing their prior appeal (H037659).[3] They state in their brief

---

[3]     We take judicial notice that this court dismissed plaintiffs' previous appeal in this matter (H037659) because they failed to procure the record on appeal within the time limits allowed or within any valid extensions of these time limits and they failed to apply to his court for relief from default and the Supreme Court denied their petition for review (S200377). (Evid. Code, §§ 452, subd. (d), 459.) Plaintiffs' November 30, 2011 notice of appeal purported to appeal from a November 22, 2011 order denying a motion for reconsideration and from all orders since September 23, 2010. (*Ibid.*) A copy of an order, filed September 23, 2010, was attached to their notice of appeal. In that order, the court overruled the demurrer to all causes of action of the complaint on the ground of uncertainty and sustained the demurrer to the first through fourth and seventh causes of action with leave to amend and sustained the demurrer to the fifth and sixth causes of action without leave to amend.

that their second amended complaint was filed on April 19, 2012.[4]  They argue that lower courts are automatically stayed from proceeding in a case while an appeal and petition for review are pending.[5]  The record of their prior appeal indicates, however, that plaintiffs filed their previous notice of appeal on November 30, 2011, about four months after July 29, 2011, the date on which the parties indicate the trial court sustained a demurrer to certain causes of action of plaintiffs' first amended complaint with leave to amend within 10 days.  (See *ante*, fn. 3.)  Plaintiffs have not provided a record showing that the time for amendment of their first amended complaint had not expired before they filed their previous notice of appeal.

It would appear that the May 23, 2013 motion for reconsideration of the May 17, 2012 order was timely filed.[6]  "An order denying a motion for reconsideration made

---

[4]     The Second Amended Complaint included in the appendix does not reflect any date of filing.

[5]     Section 916, subdivision (a), provides that, with specified exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  "The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' [Citation.]"  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.)

[6]     "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, *within 10 days after service upon the party of written notice of entry of the order* and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order.  The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  (§ 1008, subd. (a), italics added.)  It appears from a copy of a proof of service of the order striking the second amended complaint, which is not file stamped and is attached to plaintiffs' motion for reconsideration included in their appendix, that the county clerk mailed the order to the parties on May 17, 2012.

4

pursuant to [Code of Civil Procedure section 1008,] subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g).) The service and filing of a procedurally valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), may extend the time to file a notice of appeal from that appealable order. (See rule 8.108(e); Advisory Com. com., 23 Pt.2 West's Ann. Court Rules (2013 supp.) foll. rule 8.108, pp. 225-226; see also rule 8.104(a).)

As a threshold matter, plaintiffs have failed to establish that the trial court's order striking their second amended complaint is an appealable order. A motion for reconsideration does not transform an order that is not appealable into an appealable order.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment. [Citations.]" (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 696.) "A trial court's order is appealable when it is made so by statute. [Citations.]" (*Ibid*.) "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1. [Citations.]" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) " 'An attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it.' (*Sherman v. Lewis* (1913) 166 Cal. 524, 525.) Consequently, it is the duty of the court to dismiss an appeal from an order that is not appealable. (*Collins v. Corse* (1936) 8 Cal.2d 123, 124.)" (*Doe v. U.S. Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.)

## DISPOSITION

The appeal is dismissed.

5

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

6